BEAM, Circuit Judge,
concurring and dissenting.
I concur in Parts I and II of the court’s opinion. I disagree, however, with the court’s conclusion that the record permits Ms. Avarez’s “hostile work environment” claim to be decided through summary judgment. “To overcome summary judgment on her hostile work environment claim [Avarez] must present evidence from which a reasonable jury could find that [the] conduct towards her was more than merely offensive, immature or unprofessional .... ” Henthorn v. Capitol Commc’ns, Inc. 359 F.3d 1021, 1027 (8th Cir.2004). But, “[t]here is no bright line between sexual harassment and merely unpleasant conduct.” Id. at 1026 (quotation omitted). Thus, we must look to the “totality of the circumstances” weighing “the frequency of the behavior, its severity, whether physical threats are involved, and whether the behavior interferes with plaintiffs performance on the job.” Id. The court concludes that the behavior here was not severe enough. I disagree that on the available record this can be decided by summary judgment.
Avarez alleged (and established) that Nürnberg verbally and physically harassed her. Respecting the verbal harassment, the record shows that Avarez was the target of sexually explicit jokes and language on several occasions including com *423 ments (1) eliciting her for sex; (2) about the size of her breasts; (3) harassing her for “touching” Nurnberg’s genitals; (4) regarding a “joke flyer” which concerned Alvarez; and (5) about her inability to lift Nurnberg’s male genitalia because of her weight restrictions. As concerns physical harassment, Nürnberg (1) smacked Alvarez’s buttocks on several occasions; (2) stood close behind her so that her shoulder brushed his genitals; (3) pressed his genitals against her buttocks; (4) squeezed her neck; and (5) grabbed her hair. Additionally, other employees were alleged to have (1) smacked Alvarez on the buttocks; (2) pretended to smack her; and (3) grabbed her arm.
In reviewing the record, the district court seems only to have examined those actions of Nürnberg which Alvarez directly alleged in her written complaint to C. Jubell. But, as indicated, we must look to the “totality of the circumstances.” Id.; see also Delph v. Dr. Pepper Bottling Co. of Paragould, Inc., 130 F.3d 349, 355 (8th Cir.1997) (noting that the evidence we examine must “not be compartmentalized, but must instead be based on the totality of circumstances of the entire hostile work environment” (quotation omitted)); Williams v. Gen. Motors Corp., 187 F.3d 553, 562 (6th Cir.1999) (noting that the totality of circumstances test “includes all incidents of alleged harassment”). While Alvarez may not have specifically listed all of the alleged harassment in her written employment complaint, her pleadings set forth, and she has presented evidence supporting, a number of other actions. We should consider all of these actions.
As also earlier noted, “[a] work environment is shaped by the accumulation of abusive conduct, and the resulting harm cannot be measured by carving it into a series of discrete incidents.” Hathaway v. Runyon, 132 F.3d 1214, 1222 (8th Cir. 1997) (internal quotation omitted). Accordingly, I believe Alvarez has established enough facts to survive summary judgment. That is because “[o]nce there is evidence of improper conduct and subjective offense, the determination of whether the conduct rose to the level of abuse is largely in the hands of the jury.” Howard v. Burns Bros., Inc., 149 F.3d 835, 840 (8th Cir.1998).
I recognize that the hostile environment factor is difficult to analyze in light of our varying jurisprudence. Compare Duncan v. Gen. Motors Corp., 300 F.3d 928 (8th Cir.2002) (finding that a single request for a relationship, four or five isolated touching incidents, a request to draw a phallic symbol and teasing in the form of a gender-based poster were not severe enough to meet this element); with Eich v. Bd. of Regents, 350 F.3d 752 (8th Cir.2003) (holding that several touching incidents, standing behind the plaintiff simulating a sex act, and another incident of simulating a sex act were severe or pervasive enough to affect a term or condition of employment). However, “[ejach case must stand on its own circumstances.” Eich, 350 F.3d at 760. In light of the fact that we analyze the facts in each case independently, I believe that Alvarez has raised a genuine issue of fact for the jury to determine whether she was subjected to conduct which affected a term or condition of her employment. I would reverse and remand on this issue.